UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARDON URISHOV,

Petitioner,

v. Case No. 3:26-cv-884-MMH-MCR

WARDEN, BAKER COUNTY DETENTION CENTER and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Mardon Urishov, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on April 15, 2026. Urishov, a citizen of Uzbekistan, was paroled into the United States on April 28, 2023. Doc. 3-1 at 10. On March 25, 2026, United States Immigration and Customs Enforcement (ICE) detained Urishov following a traffic stop. Id. at 9. The crux of Urishov's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. 1 at 2–3. As relief, he requests a bond hearing or, in the alternative, immediate release. Id. at 4.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det.

Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Urishov, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Urishov was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Urishov's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Urishov an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Urishov, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

[1] Because the Court finds that Urishov is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of July, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 7/30
c:
Mardon Urishov, #A246727274
Counsel of Record